Davis *et al. vs.* Brookins.

WILLIAM A. DAVIS *et al.*, plaintiffs in error, *vs.* HAYWOOD BROOKINS, ordinary, for use, etc., defendant in error.

When a portion of the distributees of an estate brought an action against the administrators for their distributive shares, and it appeared on the trial, that the administrators had, in their returns to the ordinary, charged on one side of the account the amounts with which they were chargeable, and on the other side the amounts paid out by them, not only to charges against the estate, but also amounts they had paid to *portions* of the distributees, on account of their shares, and then struck a balance and reported that balance as due the estate:

*Held*, that a balance so found, was not a proper basis from which to ascertain the amount due any one, or more, of the distributees.

Administrators and executors.   Accounts.   Before Judge HERSCHEL V. JOHNSON.   Washington Superior Court. September Term, 1873.

The above head-note states the sole point passed on in this case so clearly that any further report is unnecessary.

LANGMADE & EVANS; SANFORD & FURMAN; H. D. CAPERS, for plaintiffs in error.

R. L. WORTHEN, by PEEPLES & HOWELL, for defendant.

Godbee *vs.* Sapp.

McCay, Judge.

We do not express any opinion on the questions made in the bill of exceptions on the charges of the court, for the reason they are not certified to be true. If parties see fit to fail to get the judge to verify their points, at the term when the new trial is moved, they must take the consequences of any failure in the judge's memory. But it is patent to us, unless we wholly mistake the returns put in evidence, that the jury have found their verdict on a mistake as to the effect of the last return of the administrators. That return admits that they have on hand, and have had since 1861, about $2,500 00, but it does not follow that this sum is due to these plaintiffs, or any of it. The question is not what the administrators have on hand arising from the assets, but whether there is anything in hand belonging to these plaintiffs. What is there, may, and as it appears to us does, mainly belong to the two or three out of the thirteen distributees, who had, in 1861, got nothing. The true way to find the amount due, is to find what amounts went in the hands of the administrators. Then what amounts are charges against the *estate* as debts, expenses, etc., find one-thirteenth of this, and then inquire if each of the plaintiffs has or has not got his one-thirteenth. We do not make the calculation because the vouchers are not in the record, and it is impossible to say what payments were to debts or expenses, and what to the heirs as such. We think justice requires a new trial, and that the writing off, as required by the judge, does not fully meet the case.

Judgment reversed.